IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STEVEN DORSEY, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-CV-3879 |
| CYNTHIA L. DAUB, ET AL., | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

Tucker, J.                                                         February\_\_\_ , 2011

      Presently before this Court is the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)") filed by Commonwealth Defendants Cynthia L. Daub, Jeffrey A. Beard, David Goode, David DiGuglielmo, Ken Cameron, Mary Camino, Sandra Gerula, Richard Hamor, and Chrisy Richers (Doc. 17) and Plaintiff's Response in Opposition thereto (Doc. 22). Additionally before the Court is the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") filed by Defendant Gerald McCormick (Doc. 20) and Plaintiff's Response in Opposition thereto (Doc. 22). For the reasons stated below, the Court grants both Motions.

## BACKGROUND

      At all pertinent times, Plaintiff has been incarcerated by the Pennsylvania Department of Corrections at the State Correctional facility at Cresson and/or under the jurisdiction of the Pennsylvania Board of Probation and Parole. All of the named Defendants include employees of Pennsylvania State Correctional facilities where Plaintiff has been detained, unnamed police officers who participated in Plaintiff's arrest, and the Director of the halfway house where Plaintiff was placed.

From the evidence of record, taken in a light most favorable to the Plaintiff, the pertinent facts are as follows.[1] Plaintiff was originally sentenced and incarcerated in 1998. At some point, Plaintiff was released on parole, but was re-incarcerated for a technical parole violation. Plaintiff claims that those charges were dismissed on October 5, 2005 and that he should have been re-paroled. Instead, however, on March 29, 2006, Plaintiff was placed in a "Pre-Release Program" at a Community Corrections Center called the Department of Corrections MinSec Halfway House.

On February 10, 2007, Plaintiff left the Center without permission. Plaintiff claims that he had to leave the Center "due to personal problems." On the same day, the director of the Center reported Plaintiff to the state police as a "declared escapee" and as a result, the Pennsylvania State Police issued a warrant for Plaintiff's arrest. On October 10, 2007, Plaintiff was arrested by a City of Philadelphia police officer pursuant to the warrant. Plaintiff was recommitted to serve the remaining term of his sentence and has remained incarcerated since his arrest. On January 27, 2008, the escape charge was dismissed for lack of prosecution. Though Plaintiff admits that he was a "technical parole violator," he maintains that his continued incarceration subsequent to the dismissal of the escape charge is a violation of his civil rights.

On September 28, 2009, the Court granted Plaintiff's Motion for to Proceed In Forma Pauperis. On May 12, 2010, Plaintiff filed an Amended Complaint (Doc. 14) in which he alleges violations of the Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments fo the United States Constitution; 42 U.S.C. §§ 1981, 1983, 1985, 1986; 18 U.S.C.A. § 1001; and state law

---

[1] Federal courts "must construe pro se complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys." Bush v. City of Philadelphia, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005). See also Fields v. Blake, 349 F. Supp. 2d 910, 915 (E.D. Pa. 2004) ("Because [the plaintiff] has filed his complaint pro se, [I] must liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name").

claims for Fraud, Conspiracy to Commit Fraud, Conspiracy to Unlawfully Restrain, and False Arrest. Plaintiff seeks damages and injunctive relief.

On June 9, 2010, Pennsylvania Probation and Parole Board Secretary Cynthia L. Daub; Pennsylvania Department of Corrections Secretary Jeffrey A. Beard; former State Correctional Institution at Cresson Superintendent David Goode; State Correctional Institution at Graterford former Superintendant David DiGuglielmo; current Cresson Superintendant Ken Cameron; Hearing Officer Mary Kanino; Cresson Records Supervisor Sandra Gerula; and Cresson Counselors Rich Hamor and Christy Richers ("Commonwealth Defendants") filed a Motion to Dismiss (Doc. 17). On June 16, 2010, Defendant Minsec Broad Street Halfway House Director Gerald McCormick filed a Motion to Dismiss (Doc. 20). On July 14, 2010, Plaintiff filed a Response in Opposition to Defendants' Motions (Doc. 22). The Court now addresses these pending motions.

## LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(1)

Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may be raised at any time. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). See also Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."). Rule 12(b)(1) challenges are either facial or factual attacks. Kestelboym v. Chertoff, 538 F. Supp. 2d 813, 815 (D.N.J. 2008). "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. However,"when a court reviews a complaint under a

factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id. See also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In evaluating a Rule 12(b)(l) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891. See also Carpet Group Int'l, 227 F.3d at 69. "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. The plaintiff has the burden of proving that jurisdiction does in fact exist. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen, 549 F.2d at 891). In addition, the plaintiff must demonstrate that a controversy existed when the suit was filed and that the controversy continues to exist throughout the litigation. See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

Generally, trial courts should not allow "consideration of jurisdiction to spill over into a determination of the merits of the case." Kestelboym, 538 F. Supp. 2d at 815 (quoting Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000)). However, a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) based on the legal insufficiency of a claim "is proper. . . when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)). To be wholly insubstantial and frivolous, a claim must be "so . . . implausible, foreclosed

by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974).

### B. Motion to Dismiss under Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), the Court must determine whether the plaintiff may be entitled to relief under any reasonable reading of the pleadings. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Where the plaintiff is *pro se*, the court must construe the complaint liberally. Bush, 367 F. Supp. 2d at 725. This liberal construction standard means that a *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Haines v. Kerner, 404 U.S. 519, 520-21(1972). The complaint will be deemed to allege sufficient facts if it is adequate to "put the proper defendants on notice of the essential elements of plaintiffs' cause of action." Dist. Council 47, AFSCME v. Bradley, 795 F.2d 310, 313 (3d Cir.1986). Unlike a Rule 12(b)(1) motion to dismiss where the plaintiff always has the burden of persuasion, when the matter involves a motion to dismiss under Rule 12(b)(6), the moving party has the burden of persuasion. See Kehr Packages, Inc., 926 F.2d at 1409.

## DISCUSSION

Plaintiff contends that Defendants violated his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 18 U.S.C. § 1001 and committed fraud, conspiracy to commit fraud, conspiracy to unlawfully restrain, and false arrest when they recommitted him based on his technical parole violation. For the reasons that follow, the Court finds that all claims in Plaintiff's Complaint must

be dismissed for either failure to state a claim or lack of subject matter jurisdiction.

### A. Dismissal of Plaintiff's Federal Claims

#### i. Plaintiff's Section 1981 Claim

Plaintiff's Section 1981 claim can easily be disposed of as frivolous. Section 1981 primarily addresses racial discrimination in contractual relationships. See 42 U.S.C. § 1981(a)-(c). To sustain a claim under section 1981, a plaintiff must prove that: (1) he is a member of a protected racial group; (2) the defendant intended to discriminate against him on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, namely the making and enforcement of contracts. Brown v. Philip Morris Inc.,250 F.3d 789, 797 (3d Cir. 2001). Even taking the most liberal reading of the facts enumerated in Plaintiff's Complaint, that no aspect of his Complaint is related in any way to the making or enforcement of any contract is indisputable. For this reason, the Court finds that Plaintiff has failed to make out a prima facie case for a Section 1981 claim, and thus this claim must be dismissed.

#### ii. Plaintiff's Section 1983 Claim

Section 1983 is not a source of substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." City of Monterey v. Del Monte Dunes, 526 U.S. 687, 749 n. 9 (1999). To prevail in a Section 1983 action, a plaintiff must prove: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

It is well settled that when a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a Section 1983 action.

Williams v. Consovoy, 453 F. 3d 173, 177 (3d Cir. 2006) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). In Heck v. Humphrey, 512 U.S. 477 (1994), an inmate brought a § 1983 action for damages against local and state law enforcement officers alleging that his conviction violated his constitutional rights. The Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, *a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.* A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.*

512 U.S. at 482 (emphasis added). Consequently, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Williams, 453 F. 3d at 177 (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Courts have frequently applied Heck's favorable termination rule to dismiss Section 1983 suits alleging the unlawful revocation of parole when the plaintiff has failed to demonstrate the invalidity of the revocation decision. See e.g., Williams, 453 F. 3d at 173. For example, in Williams, the plaintiff, while released from prison on parole, failed to obtain approval for a change in his employment and residence. Id. at 175. As a result, the plaintiff was arrested as a parole violator and his parole was revoked by the parole board. Id. The plaintiff brought a

Section 1983 action against his parole officer, certain parole board members and others, alleging that his arrest for parole violation and the subsequent revocation of his parole violated his Fourth and Eighth Amendment rights. Id. at 175-76. The District Court, granting the defendants' motion to dismiss the plaintiff's claim, "reasoned that [his] claim was uncognizable because § 1983 actions in which prisoners allege that a parole revocation decision was constitutionally infirm are challenges to the fact or duration of their confinement and are collateral attacks on state convictions that are properly addressed in habeas corpus proceedings." Id. at 176. The Plaintiff appealed, and the Third Circuit upheld the lower court's decision because the parole board's decision had not been invalidated. Id. at 177. The Third Circuit opined that "success on the § 1983 claim would necessarily demonstrate the invalidity of [that] decision," an outcome barred by the United States Supreme Court's decision in Heck. Id.

Similar to Williams, Plaintiff contends that his parole revocation and recommitment after his admitted parole violation was an infringement of his constitutional rights. Just like the plaintiff in Williams, however, Plaintiff has not proven that his incarceration has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or otherwise called into question by a court's issuance of a writ of habeas corpus. Plaintiff's assertion that the underlying "escape" charge was dismissed for lack of prosecution does not support the argument that his recommitment was invalid. This is especially so given that Plaintiff admits in the Complaint that he left that Minsec halfway house without permission on February 10, 2007 and remained at-large for eight months until his arrest on October 10, 2007 and that this conduct rendered him a "technical parole violator." If Plaintiff were to succeed in this Section 1983, it would necessarily challenge the validity of the duration of his confinement since

his arrest and recommitment on October 10, 2007. This outcome is barred by Heck, and Plaintiff's Section 1983 claim must therefore be dismissed.

### iii. Plaintiff's Section 1985 Claim

Similar to Section 1983, Section 1985 is not a source of substantive rights; rather, it prohibits conspiracies to deprive a person of federal rights conferred by the United States Constitution and federal statutes. See Ludwig v. Berks County, Pa., 313 Fed. App'x 479, 481 (3d Cir. 2008). To prevail in a Section 1985 action, a plaintiff must prove that (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to deprive a person or class of persons of equal protection of the laws or equal privileges and immunities under the laws; (3) defendants committed an act in furtherance of the conspiracy; and (4) defendants' actions resulted in injury to the plaintiff. See Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006). The intent behind the conspiracy must be based on some invidious discriminatory animus, such as racial or otherwise class-based animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Plaintiff's principal argument is that all of the Defendants played a role in processing his pre-release status, as if that alone constitutes a deprivation of his civil rights. Throughout the Complaint, Plaintiff does little more than use the word "conspiracy" to label Defendants' actions. As previously explained, however, Plaintiff's admitted technical parole violation constituted a sufficient basis for his recommitment. Furthermore, Defendants' actions related to processing Plaintiff's pre-release status in no way implicates any federal right conferred by the United States Constitution or a federal statute. It is well-settled law that the possibility of parole creates no constitutional rights for prisoners. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1 (1979). Furthermore, parole is not a protected liberty interest under Pennsylvania state

law. See Rogers v. Pa. Bd. of Probation and Parole, 724 A.2d 319 (Pa. 1999); Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996). Moreover, Plaintiff has not alleged any racial or class based animus. As such, this Court concludes that Plaintiff has failed to state a section 1985 claim upon which relief can be granted.

### iv. Plaintiff's Section 1986 Claim

Section 1986 provide that

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . .

42 U.S.C. § 1986. As the quoted section above makes clear, "[a] section 1986 claim must be predicated upon a valid section 1985 claim." Gatlin ex rel. Estate of Gatlin v. Green, 362 F.3d 1089, 1095 (8th Cir. 2004). See also Robinson v. New York State Dept. of Correction Servs., No. 9:08-CV-0911, 2009 WL 3246818, at * 18 n.29 (N.D.N.Y. Sept. 30, 2009) ("A claim under section 1986 is contingent to a valid claim under section 1985 and must be commenced within one year after the cause of action accrued."). Because the Court has determined that Plaintiff's Complaint failed to state a claim for Section 1985 violation, Plaintiff's Section 1986 claim must also be dismissed.

### v. Plaintiff's 18 U.S.C. § 1001 Claim

Plaintiff's Complaint also includes a claim for alleged violation of 18 U.S.C. §1001, the federal fraud and false statement statute. "[This statute] provides for the imposition of criminal liability for the knowing and willful making of material false, fictitious, or fraudulent statements or representations in any matter within the jurisdiction of the executive, legislative, or judicial

branch of the federal government." Gagliardi v. Clark, 2006 WL 2847409, at *17 (W.D. Pa. Sept. 28, 2006). Plaintiff's claim must fail, however, as it is well-established that no private cause of action is authorized by the statute. See Clements v. Chapman, 189 Fed. App'x 688, 691-92 (10th Cir. 2006) (citing generally Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law)). See also Gagliardi, 2006 WL 2847409, at *18-19 n.15 ("In Clements, the United States Court of Appeals made clear that Section 1983 cannot "fill the gap" for what is clearly absent from the federal criminal statutes [including 18 U.S.C. §1001] cited by [the plaintiff], i.e., the existence of a private right of action to enforce those statutes .") (internal citations omitted); Gueson v. Feldman, 1999 WL 391478, at *5 (E.D. Pa. May 20, 1999). Based on the foregoing, this claim must be dismissed.

### B. Dismissal of Plaintiff's State Law Claims

Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. See 28 U.S.C. §§ 1331-1332. Federal district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Federal district courts have federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). When neither standard applies and a "federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 502 (2006).

Here, it is apparent from Plaintiff's Complaint that no basis for diversity jurisdiction exists because all parties are citizens of Pennsylvania. Thus, the Court may only retain jurisdiction over

Plaintiff's claim if his Complaint asserts a federal question. For the reasons previously discussed, all of Plaintiff's claims invoking federal question jurisdiction have been dismissed for failure to state a claim.

Without a federal claim, Plaintiff's Complaint only includes state law claims for fraud, conspiracy to commit fraud, conspiracy to unlawfully restrain, and false arrest. Under 28 U.S.C. § 1367 ("Section 1367"), a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Stated otherwise, a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court. See 28 U.S.C. § 1367. When "the district court has dismissed all claims over which it has original jurisdiction," the district court has the express authority to decline to exercise supplemental jurisdiction over any related state law claims. 28 U.S.C. § 1367(c)(3). See also Growth Horizons, Inc. v. Del. County, Pa., 983 F.2d 1277, 1285 (3d Cir. 1993); Greenwood Partners, L.P. v. Cimnet, Inc., No. 201CV06624LDD, 2003 WL 22238981, at *4 (E.D. Pa. Sept. 26, 2003) ("a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction").

Here, because Plaintiff's federal claims fail as a matter of law, the Court is well within its right to refuse to exercise supplemental jurisdiction over the remaining state law claims. These claims, therefore, are dismissed without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the Motions to Dismiss filed by Commonwealth Defendants and Defendant McCormick are granted. An appropriate Order follows.[2]

---

[2]